David KERSH, Plaintiff—Appellant,

v.

AMR CORPORATION; et al.,
Defendants—Appellees.

No. 07–15103.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 19, 2008.

David Kersh, Honolulu, HI, for Plaintiff–Appellant.

David Y. Suzuki, Burke, Sakai, McPheeters, Bordner, Iwanaga & Estes Mauka Tower Grosvenor Center, Honolulu, HI, for AMR Corporation, American Airlines, Inc.

Before: TASHIMA, SILVERMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

David Kersh appeals pro se from the district court's judgment dismissing his diversity action for failure to prosecute. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Eisen v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir.1994). We affirm.

Contrary to Kersh's contentions, the district court had subject matter jurisdiction over the case. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (per curiam) (explaining that defendant's burden of establishing that removal is proper is satisfied if the plaintiff claims, among other things, a sum greater than the jurisdictional requirement).

The district court did not abuse its discretion by dismissing Kersh's action after he failed to file a timely amended complaint despite two opportunities to do so. *See id.* (setting forth factors to be weighed in determining whether to dismiss a case for lack of prosecution). The district court did not abuse its discretion by construing Kersh's post-judgment motion to remand as a motion to reconsider and by denying the motion, because Kersh failed to demonstrate grounds for relief from the judgment. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993).

Kersh's request to strike portions of appellees' brief and to impose sanctions is denied.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.